WILLIAM GILLHAM, plaintiff in error, *v.* THE PRESI-DENT, DIRECTORS, AND COMPANY OF THE STATE BANK OF ILLINOIS, defendants in error.

*Error to the Municipal Court of the City of Alton.*

In an action by the State Bank of Illinois against the maker of a promissory note, the objection that the charter of the corporation has not been given in evidence, cannot be taken on a demurrer to evidence.   Such an objection, if valid, should be taken on a motion for a nonsuit.

The practice of resorting to a demurrer to evidence, where the defendant discov-ers some inadvertence or oversight of the plaintiff, ought not to be encouraged.

If a party fails to introduce some necessary link in the chain of testimony, to make out his case, and such failure is evidently the result of oversight, the proper course for the defendant, in order to avail himself of the failure, is to apply for a nonsuit; and if, on the discovery of the oversight, the plaintiff of-fers to supply the defect, he is usually permitted to do so, unless, by so doing, surprise or injury will result to the opposite party.   The granting or refusing such permission is a matter of discretion with the Court.

If an objection which can be obviated by further proof, be not taken, or not per-sisted in, at the trial, the objection is waived.

Where a mistake is made by the jury in the assessment of damages, the remedy is by applying to the Court for a new trial.   Such mistake cannot be urged on a demurrer to evidence ; nor can the insufficiency of the declaration be taken advantage of on such a demurrer.

THIS cause was tried at the October term, 1838, before the Hon. William Martin.   The jury assessed the plaintiffs' damages at $ 1811,83.   Judgment was rendered for this amount.   The cause was brought to this Court by writ of error.   The authorities cited in the preceding case, betweeen the same parties, were relied on in the argument of this cause.

.The counsel for the plaintiff in error contended, that the plaintiffs in the Court below were bound to prove their act of incorporation, and cited Hargrave *v.* The Bank of Illinois, Breese 84, and cases there cited.   They also contended, that the damages assessed by the jury exceeded the principal and interest of the note by $ 1,08.

Gillham *v.* State Bank of Illinois.

G. T. M. Davis, A. W. Jones, and S. Strong, for the plaintiff in error.

A. Cowles, J. M. Krum, and J. Y. Scammon, for the defendants in error.

Lockwood, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* commenced by the Bank, as endorsees of a promissory note, against Gillham, the maker.

The declaration states, that the note was made payable to John Hogan and Henry H. West, by the style of John Hogan & Co., and that they, together with John M. Krum, endorsed the note to the plaintiffs below. Gillham pleaded *non assumpsit*. On the trial of the cause, after the plaintiffs had introduced their evidence, the defendant below demurred to the same, as insufficient to sustain the action, in which the plaintiffs joined, and the jury contingently assessed the plaintiffs' damages. The demurrer states, that the plaintiffs produced to the jury a promissory note, as follows, to wit:

" $ 1797.                                      *Alton, June 22d,* 1838.
" Sixty days after date I promise to pay to the order of John Hogan & Co. seventeen hundred and ninety-seven dollars, for value received, negotiable and payable at the Branch of the State Bank of Illinois, at Alton.                            Wm. Gillham."

On which note is an endorsement as follows, to wit:

" Pay to the President, Directors, and Company of the State Bank of Illinois, or order.
                    " John Hogan & Co.   John M. Krum."

The plaintiffs then proved, and it was admitted by the defendant's counsel, that the note was duly executed by Gillham, the defendant, and that the signature " John Hogan & Co." endorsed on said note, was the proper handwriting of said John Hogan & Co., and that said Hogan and West were partners, &c., and that the signature " John M. Krum," endorsed, as aforesaid, on the said note, was the handwriting of said Krum. This was all the evidence produced by the plaintiffs. The Court below considered the evidence sufficient, and gave judgment for the plaintiffs.

It is here objected, that this evidence was insufficient, because the bank charter was not given in evidence, because the damages were too high, because the declaration is insufficient, and because there was a variance between the evidence and declaration.

The act incorporating the State Bank declares, that it shall be taken and received by all courts, judges, magistrates, and other public officers, as a public act.(1)   By several public acts of the

(1) Acts of 1835, 14 ; Gale's Stat. 98.

*legislature*, the act incorporating the State Bank has been amended, and its existence fully recognised. It may well, therefore, be doubted, whether there was any necessity to give the charter in evidence. But whether necessary or not, the objection cannot be taken on a demurrer to evidence. The proper course would have been to have applied for a nonsuit.

The rules of law regulating trials, are designed to facilitate and promote justice. They are not designed as traps to ensnare the unwary, or defeat the substantial ends of justice.

If a party fails to introduce some necessary link in the chain of testimony, to make out his case, and such failure is evidently the result of oversight, the proper course for the defendant is to apply for a nonsuit ; and then it is a matter of discretion with the Court trying the cause, to permit the plaintiff to introduce further evidence, if he can, to supply the defective link.

If the party cannot supply the defect, the nonsuit is granted, as a matter of course, but the party, by his *laches*, does not lose his debt. His only punishment will be the costs of the suit. If the plaintiff offer to supply the defective testimony, permission is usually granted, unless by so doing it will occasion surprise, or some injury to the opposite party. Hence the application to the Court to receive such additional testimony, after the plaintiff has closed his evidence, is addressed to the sound discretion of the Court. The rules of law, we believe, are well calculated to promote the great objects of trials before a jury ; but the practice of resorting to a demurrer to evidence, where the defendant discovers some inadvertence or oversight of the plaintiff, ought not to be encouraged.

The Supreme Court of the State of New York, in the case of Jackson *v.* Davis, (1) lays down what we think the true rule on this subject. They say, " If an objection which can be obviated by further proof, be not taken, or not persisted in, at the trial, it will not be received as the ground of a motion for a new trial." If a court will not grant a new trial, under such circumstances, neither ought they to sustain a demurrer to evidence.

If the jury, in assessing the contingent damages in this case, made a mistake, the proper course would have been to apply to the Court below for a new trial. The assessment of damages by the jury is not a ground of demurrer to evidence, neither can the insufficiency of the declaration be taken advantage of in this way. (2)

The question of variance between the declaration and evidence, was disposed of in another case between the same parties. (3)

The judgment is therefore affirmed with costs.

*Judgment affirmed.*

(1) 5 Cowen 123.        (2) 2 Tidd's Pract. 914.        (3) *Ante* 245.